United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Howard Michael Caplan, Plaintiff, ) <br> ) <br> v.                                                         ) <br> ) <br> Kay Kay Auto Repair, Inc., and         ) <br> others, Defendants.                         ) | Civil Action No. 22-61656-Civ-Scola |

## **Default Judgment**

The Plaintiff has moved for a default judgment against Defendant Kay Kay Auto Repair, Inc. ("Kay Kay"), consistent with Federal Rule of Civil Procedure 55(b)(2). Previously, the Clerk of the Court entered a default under Rule 55(a). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

The complaint pleads claims for violation of the Americans with Disabilities Act ("ADA"). A plaintiff alleging Title III ADA discrimination must allege that (1) he is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. 42 U.S.C. § 12182(a).

The complaint alleges that the Plaintiff suffers from a qualified disability and requires the use of a mobility aid. (Compl., ECF No. 1, ¶ 3.) It pleads that the Defendant owns, leases and/or operates a place of public accommodation (*Id.* ¶ 5, 10.) The complaint details various physical barriers that preclude or limit the Plaintiff's ability to access the full and equal enjoyment of the Defendant's property (*Id.* ¶ 15.) It further alleges that the Defendant discriminated against the Plaintiff (*Id.* ¶¶ 13, 15.) And it alleges that the removal of the barriers at the property is readily achievable (*Id.* ¶¶ 11, 17.) The Plaintiff finally alleges that he intends to return to Defendant's facility within the next six months to avail himself of the goods and services made available at the facility and to determine whether the facility has become ADA compliant. (*Id.* ¶ 13.)

The Plaintiff moves for the entry of injunctive relief as part of the default judgment. The Court may grant that relief. *See, e.g., Abercrombie & Fitch Trading Co. v. Abercrombieclassic.com*, No. 15-62579-CIV, 2016 WL 3369529, at *8 (S.D. Fla. Apr. 12, 2016) (Altonaga, C.J.) (granting permanent injunctive relief on entry of default judgment). The Plaintiff has filed an ADA inspection report detailing the areas of noncompliance on Defendant Kay Kay's property,

located at 16 SE 9th Street, Deerfield Beach, FL 33069, in support of his request for injunctive relief. (ECF No. 20-1.)

Upon review of the record, the Plaintiff's motion for default judgment, and supporting submissions, the Court hereby **ORDERS AND ADJUDGES** that the Plaintiff's motion for default judgment (**ECF No. 20**) is **granted**, under the terms set forth below:

1. Final Default Judgment is hereby entered in favor of the Plaintiff and against Defendant Kay Kay Auto Repair, Inc., for which let enter judgment;
2. The Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 42 U.S.C. §12205 and 12217, upon proper motion to be filed not later than **November 11, 2022**;
3. Defendant Kay Kay is **ordered** to remove the following discriminatory ADA violations existing at the facility located at 16 SE 9th Street, Deerfield Beach, FL 33069, within one hundred twenty (120) of the date of this Order:
   a) The customer parking facility in front of the auto repair shop does not provide a compliant accessible parking space. 2012 ADA Standards 502.1;
   b) The parking facility does not have the minimum number of accessible parking spaces required. 2012 ADA Standards 208.2;
   c) The business has customer parking in front of the main entrance. One (1) compliant accessible parking space with adjacent access aisle is required. 2012 ADA Standards 208.2;
   d) If a total of 4 or fewer parking spaces (inaccessible and accessible) are provided on a site, the required accessible space does not have to be identified by a sign (i.e., reserved exclusively for use of people with disabilities) (§216.5, Ex. 1). However, all other requirements for spaces, including access aisles, still apply. 2012 ADA Standards 216.5;
   e) Existing facility does not provide a compliant accessible route to the auto repair office from any site arrival point. 2012 ADA Standards 206.2, 208, 401.1;
   f) There is no compliant access aisle attached to an accessible route serving any existing parking space which would allow safe entrance or exit of vehicle for accessible persons requiring mobility devices. 2012 ADA Standards 502.2;
   g) There is currently no existing accessible route to help persons with disabilities enter the facility or safely maneuver through the parking area. At least one accessible route must be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve. 2012 ADA Standards 206.2.1;
   h) The main customer entrance is non-compliant. There is a step up from the parking lot up to the main office door threshold exceeding the maximum rise allowed. Changes in level of 1/4 inch high maximum are permitted to be vertical. 2012 ADA Standards 302.2;

    i) The main customer entrance door has non-compliant knob-type door hardware. Operable parts must be operable with one hand and not require tight grasping, pinching, or twisting of the wrist. 2012 ADA Standards 309.4;

    j) The facility does not provide compliant directional and informational signage to an accessible route which would lead to an accessible entrance. Where not all entrances comply, compliant entrances must be identified by the International Symbol of Accessibility. Directional signs that indicate the location of the nearest compliant entrance must be provided at entrances that do not comply. 2012 ADA Standards 216.6.

The Court will separately enter final judgment pursuant to Federal Rule of Civil Procedure 58. The Defendant's last known address is Kay Kay Auto Repair, Inc., c/o Registered Agent: Magalhaes, Dione Aparecido S., 3930 Crystal Lake Dr #312, Pompano Beach, FL 33064. This matter shall remain open because the Plaintiff continues to assert claims against the other Defendants.

    **Done and ordered** in Miami, Florida, on October 28, 2022.

    Robert N. Scola, Jr.
    United States District Judge

*Copy via U.S. Mail to:*

Kay Kay Auto Repair, Inc.
c/o Registered Agent:
Magalhaes, Dione Aparecido S.
3930 Crystal Lake Dr #312
Pompano Beach, FL 3306