United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Howard Michael Caplan, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-61656-Civ-Scola |
| ) | |
| Kay Kay Auto Repair, Inc., and ) | |
| others, Defendants. ) | |

## Order Granting Motion to Vacate, Vacating Default Judgment, and Closing Case

The Plaintiff, Howard Michael Caplan, asks the Court to vacate a default judgment entered against Defendant Kay Kay Auto Repair Inc. for violations of the Americans with Disabilities Act ("ADA"). The Plaintiff states that he and the Defendants, including Defendant Kay Kay, have reached an agreement that resolves all issues in this matter. (ECF No. 31.) For the reasons stated below, the Court **grants** the motion (**ECF No. 31**) and **vacates** the default final judgment as to the Defendant (**ECF No. 20**).

"[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits." *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a default judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. Fed. R .Civ. P. 60(b). In evaluating the applicability of subdivisions (1), (2), (3), (5), and (6), a court is afforded broad discretion in determining when a default judgment should be set aside. *See Ostane v. Jim Wright Marine Const., Inc.*, No. 10-60168-CIV, 2010 WL 3385048, at *2 (S.D. Fla. Aug. 24, 2010) (Cohn, J.). The Plaintiff's motion appears to be based on Rule 60(b)(5), in that the Plaintiff states that all issues in this matter have been resolved.

Upon review, the Court agrees, and **grants** the Plaintiff's motion to vacate the default final judgment against Defendant Kay Kay Auto Repair Inc. in this case. (**ECF No. 31**.) The default judgment against Defendant Kay Kay Auto Repair Inc. is **vacated**. (**ECF No. 20**.)

Further, because the Plaintiff has notified the Court the parties have settled this case, by **January 18, 2023**, the Plaintiff must file a stipulation of

dismissal, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), or a motion to dismiss, consistent with Rule 41(a)(2). The Court will administratively close this case in the meantime.

If the Plaintiff files a stipulation of dismissal under Rule 41(a)(1)(A)(ii) and the parties wish to have this Court retain jurisdiction to enforce any settlement agreement, the stipulation of dismissal must include the following sentence: "The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the parties' settlement agreement." This sentence is necessary because a stipulation of dismissal is otherwise self-executing and deprives the Court of jurisdiction to do anything further. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

The Court directs the Clerk to **close** this case. Any party may move to re-open the case if there is a problem in reaching a final settlement agreement. Any pending motions are **denied** as moot.

**Done and ordered** at Miami, Florida, on December 21, 2022.

Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. Mail to:*
Kay Kay Auto Repair, Inc.
c/o Registered Agent:
Magalhaes, Dione Aparecido S.
3930 Crystal Lake Dr #312
Pompano Beach, FL 3306